IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JEFFREY KEITH SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No: 3:11-cv-0016 |
| | ) | |
| v. | ) | Judge Trauger |
| | ) | |
| COMMUNITY OPTIONS, INC., | ) | Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | Jury Demand |

# ANSWER

Comes now the defendant, **Community Options, Inc.**, and for answer to the Complaint that has been filed against it in this cause does allege as follows:

1. The allegations contained in paragraph 1 are admitted.

2. The allegations contained in paragraph 2 are admitted.

3. This Court has original diversity jurisdiction over this case pursuant to 28 U.S.C. Section 332, and this action is property before this Court.

4. This Court has original diversity jurisdiction over this case pursuant to 28 U.S.C. Section 332, and this action is property before this Court.

5. This defendant admits that Jeffrey Smith does have disabilities as a result of a previous trauma, but this defendant avers that based on its best information and belief Jeffrey Smith does not have a conservator, does not have a guardian nor has he executed a General Power of Attorney for anyone to act in his own behalf. This defendant asserts that Jeffrey Smith does and is capable of making his own decisions as to his care and treatment.

6. This defendant is aware that Mr. Smith has certain disabilities but would assert that these disabilities do not prevent him from acting for his own care and treatment.

7. The allegations contained in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 are denied.

9. The allegations contained in paragraph 9 are admitted.

10. This defendant will admit the allegations contained in paragraph 10 but would deny that this information has any relevance to this cause of action.

11. The allegations contained in paragraph 11 are admitted.

12. This defendant admits the figures set out in paragraph 12 of the plaintiff's Complaint but denies that it has any relevance to this cause of action.

13. Community Options, Inc. admits it operates a number of residential units in Putnam County and that Jeffrey Smith resided in one. The rest of the allegations contained in Paragraph 13 of the plaintiff's Complaint are denied.

14. The allegations contained in paragraph 14 of the plaintiff's Complaint are denied. This defendant avers that, on March 26, 2009, Jeffrey Smith and his future roommate met and decided that they would like to become roommates. They had known each other, previously. Mr. Smith's mother was aware of this decision and she was agreeable to the roommate residing with Jeff. She indicated that Mr. Smith and the roommate were related.

15. This defendant denies the allegations contained in paragraph 15 of the plaintiff's Complaint. The decision to room together was mutual, and all parties were familiar with each other.

16. This defendant will admit that, on December 7, 2009, the roommate was playing around with the COI employee when a ruler came out of his hand and struck the plaintiff underneath his left eye. It is denied that Jeff Smith suffered a fractured nose, severe bleeding and pain and difficulty breathing.

17. This defendant denies the allegations contained in paragraph 17 of the plaintiff's Complaint. First aid was given to Jeffrey Smith consisting of cleaning the area, topical application of an antibiotic and a band-aid. Mr. Smith adamantly refused to seek any further medical treatment.

18. It is admitted that Exhibit 1 is a copy of the report filed by Brady Wright. The remaining allegations contained in paragraph 18 of the plaintiff's Complaint are denied.

19. The report from Dr. Mark Langenberg speaks for itself. Dr. Braun Rayne repaired his nasal fracture. This defendant avers that Jeffrey Smith's nasal fracture was a long-standing deformity and not related to any incident of December 7, 2009. Thus, the allegations contained in paragraph 19 of the plaintiff's Complaint are denied.

20. The defendant avers that Linda Clark is not Jeffrey Smith's legal guardian. Following the incident, attempts were made to reach Ms. Clark, but she failed to answer the telephone and there was no voicemail available to leave a message. The defendant is without sufficient knowledge with which to admit or deny the remaining allegations contained in paragraph 20 of the plaintiff's Complaint.

3

21. Dr. Langenberg's report speaks for itself, but this defendant avers that Jeffrey Smith had a previous nasal fracture. The remaining allegations contained in paragraph 21 of the plaintiff's Complaint are denied.

22. This defendant denies that the injuries claimed in paragraph 22 of the plaintiff's Complaint were the result of any event on December 7, 2009.

23. This defendant denies the allegations contained in paragraph 23 of the plaintiffs' Complaint. Dr. Braun Reyne is the physician who performed the surgery, and he indicates that this was a long-standing deformity.

24. This defendant adopts and incorporates by reference all allegations contained in his Answer to paragraphs 1 – 23 of the plaintiff's Complaint, above.

25. This defendant admits that it owed Jeffrey Smith a duty of reasonable care and asserts that the decision to place him with this roommate was mutual among all parties.

26. The allegations contained in paragraph 26 of the plaintiff's Complaint are denied.

27. The allegations contained in paragraph 27 of the plaintiff's Complaint are denied.

28. The allegations contained in paragraph 28 of the plaintiff's Complaint are denied.

29. This defendant adopts and incorporates by reference all allegations contained in its Answer to paragraph 1 – 28 of the plaintiff's Complaint, above.

30. The allegations contained in paragraph 30 of the plaintiff's Complaint are admitted.

31. The allegations contained in paragraph 31 of the plaintiff's Complaint are denied.

32. The allegations contained in paragraph 32 of the plaintiff's Complaint are admitted.

33. This defendant will admit that Mr. Wright was acting in the course and scope of his employment but would deny that he was negligent and would deny that COI is liable.

34. The allegations contained in paragraph 34 of the plaintiff's Complaint are denied.

35. The allegations contained in paragraph 35 of the plaintiff's Complaint are denied.

36. This defendant adopts and incorporates by reference all allegations contained in its Answer to paragraphs 1 – 35 of the plaintiff's Complaint, above.

37. The allegations contained in paragraph 37 of the plaintiff's Complaint are denied. Mr. Jeffrey Smith is fully capable of making decisions as to his necessary medical treatment.

38. The allegations contained in paragraph 38 of the plaintiff's Complaint are denied.

39. The allegations contained in paragraph 39 of the plaintiff's Complaint are denied.

40. The allegations contained in paragraph 40 of the plaintiff's Complaint are denied.

41. This defendant adopts and incorporates by reference all allegations contained in paragraphs 1 – 40 of its Answer to the plaintiff's Complaint, above.

42. This defendant will admit the allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 of the plaintiff's Complaint are admitted.

44. The allegations contained in paragraph 44 of the plaintiff's Complaint are denied.

45. The allegations contained in paragraph 45 of the plaintiff's Complaint are denied.

46. The allegations contained in paragraph 46 of the plaintiff's Complaint are denied.

47. This defendant adopts and incorporates by reference all allegations contained in paragraph 1 – 46 of its Answer to the plaintiffs' Complaint, above.

48. The allegations contained in paragraph 48 of the plaintiff's Complaint are denied.

49. The allegations contained in paragraph 49 of the plaintiff's Complaint are denied.

50. The allegations contained in paragraph 50 of the plaintiff's Complaint are denied.

51. This defendant reserves the right to alter or amend this Answer, in keeping with further discovery and/or investigation to be conducted in this cause.

WHEREFORE, having fully answered the Complaint filed against it in this cause, this defendant requests a trial by jury.

>Respectfully Submitted,
>
>**ORTALE, KELLEY, HERBERT & CRAWFORD**
>
>___/s/  William M. Billips_____
>William M. Billips (5765)
>Attorney for Defendant COI
>200 Fourth Avenue North
>Post Office Box 198985
>Nashville, TN 37219
>(615) 256-9999

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by U.S. Mail to:

>Henry D. Fincher, Esquire
>Attorney for Plaintiff
>305 East Spring Street
>Cookeville, Tennessee  38501

on this the __25th_____ day of January, 2011.

>___/s/ William M. Billips_____
>William M. Billips